[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The parties were at issue and were both fully heard during the course of a two-day trial. The court finds that residence requirements have been satisfied and neither party has been the recipient of public assistance. All pertinent criteria outlined in Chapter 815j of the General Statutes were considered by the court in the entry of the following orders.
ORDERS
DISSOLUTION OF MARRIAGE
The marriage is dissolved on the grounds of an irretrievable breakdown.
CUSTODY AND VISITATION
The parties shall have joint legal custody of the minor children with primary physical custody to the Wife. Any day to day decisions shall be made by the parent in whose care the children are in at the time. All major decisions affecting the children, such as non-emergency health care, residence, education, and religious training, shall be discussed between the parties before any decision is made. In the event of a dispute, the parties shall return to court for a determination of the issue.
The parties shall attend counseling concerning communications issues on a once per month basis, for a period of six months commencing in January CT Page 15628 2001, with a counselor of their choice, but if they are unable to agree they shall use the Birmingham group. The cost shall be equally shared.
The parenting agreement of the parties dated November 28, 2000, paragraphs 1. and 2., is incorporated herein by reference as is the December 13 agreement concerning Christmas visitation.
CHILD SUPPORT
The Husband is ordered to pay to the Wife child support of $200.00 per week pursuant to an immediate wage withholding order.
LIFE INSURANCE
The parties shall each name the minor children equal beneficiaries on any life insurance policies available to them at reasonable cost through their respective places of employment.
MEDICAL INSURANCE
The parties shall each provide health and dental insurance for the benefit of the minor children as is available to each at reasonable cost through their respective places of employment. Both parties shall be entitled to the provisions of Conn. Gen. Stat. Sec. 46b-84 (e).
The Wife shall be responsible for the first $100.00 per child of uninsured or un-reimbursed medical expenses incurred each year. Thereafter, the Husband shall be responsible for 53% and the Wife 47% of such expenses.
ALIMONY
The Husband shall pay to the Wife alimony of $50 per week for a period of 18 months, or until the death of either party, the Wife's remarriage or cohabitation, pursuant to an immediate wage withholding order. After the eighteen month period (presumptive date for the wife's return to full time employment), alimony shall be reduced to one dollar per year for an additional five years.
PERSONAL PROPERTY
The Wife is awarded the 1995 Dodge Caravan subject to all costs concerning same for which she shall hold the Husband harmless.
The Husband is awarded the 1993 Ford Tempo subject to all costs concerning same for which he shall hold the Wife harmless. CT Page 15629
The Wife is awarded the 27 shares of Peoples Bank stock.
The Wife is awarded the IRS refund in the approximate amount of $2,292.00 and the Husband the State of Connecticut refund in the approximate amount of $590.00.
RETIREMENT ASSETS
The Husband is ordered to transfer to the Wife, by a nontaxable rollover or Qualified Domestic Relations Order, one half of his Smith Barney IRA represented to be approximately $31,000.00.
LIABILITIES
The parties shall be responsible for the debts delineated in paragraph V. Debts of their written agreement dated November 28, 2000, which is incorporated herein by reference. In addition, the Wife shall be solely responsible for the Spiegel MasterCard debt and any debt due her parents.
COUNSEL FEES
No counsel fees are awarded.
TAXES
By April 15 of each year, until there is no longer any financial obligation for child support or alimony, the parties shall exchange their complete IRS returns in order to determine that the payments are appropriate under the circumstances then existing.
The agreement of the parties delineated in Paragraph IV Tax Exemptions of their written agreement dated November 28, 2000 is incorporated herein by reference.
Miscellaneous
Each party shall sign any necessary documents to effectuate the orders contained herein.
Plaintiff's counsel shall prepare the judgment file, have it certified by defendant's counsel, and file it with the court within 30 days.
The Court CT Page 15630
By CUTSUMPAS, J.